80 F.3d 136
 Ilene Thurman HUNTER, on Behalf of Kathy Michelle HUNTER,
Claude Kenneth Hunter, Jr., Michael Christopher Hunter,
Melissa Ilene Hunter and Donnovan Blaine Hunter,
Plaintiffs-Appellants Cross-Appellees,
v.
KNOLL RIG & EQUIPMENT MANUFACTURING CO., LTD., A Subsidiary
of Draco Group of Companies, Ltd., et al.,
Defendants-Appellees Cross-Appellants.
 No. 94-40822.
 United States Court of Appeals,
Fifth Circuit.
 March 28, 1996.
 
 R. Layne Royer, Allen M. Posey, Jr., Baton Rouge, LA, for Appellant.
 Ronald E. Raney, Lunn, Irion, Johnson, Salley & Carlisle, Shreveport, LA, for Appellees.
 S. Price Barker, Cook, Yancey, King & Galloway, Shreveport, LA, for Fidelity & Casualty Co.
 Appeal from the United States District Court for the Western District of Louisiana.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion November 29, 1995, 5 Cir., 70 F.3d 803)
 Before SMITH, BARKSDALE and BENAVIDES, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Judges who are in regular active service not having voted in favor (FRAP and Local Rule 35), the Suggestion for Rehearing En Banc is also DENIED. Alternatively, we are asked most belatedly to certify this case to the Louisiana Supreme Court. We DENY that request as well. We are not persuaded that this opinion reflects any large policy choices. Rather, our holding is case specific, responding to unique factual circumstances. Specifically, we conclude only that the manufacturer could not expect the gross and unusual "handling" of its product that occurred. We do not insist that under Louisiana law a manufacturer can "expect" only uses of a product that are common. LA.REV.STAT.ANN. §§ 9:2800.54(A) & .53(7).
 
 
 2
 BENAVIDES, Circuit Judge, dissenting from denial of rehearing and en banc review:
 
 
 3
 The majority denies rehearing while at the same time abandoning the legal foundation previously advanced in its opinion. Given the language in the majority's denial of rehearing,[1] I take some solace that the aberrant holding in this case will not be used in the determination of other cases. Undoubtedly, this provides little comfort to Claude Hunter's family. I continue, however, to be baffled by the panel majority's characterization of the use of the racking board as "gross and unusual." Quite simply, the racking board was designed to rack pipe and was being used for exactly that purpose at the time of the accident. And there is evidence to support the jury finding that the manner in which the racking board was used by Hunter and the rig workers that contributed to the accident should have been reasonably anticipated by KREMCO. The workers' negligence should not preclude recovery, but is appropriately a consideration under Louisiana's comparative negligence regime. Hunter's death would have been prevented if KREMCO had incorporated the safety features into its product that other manufacturers did. The jury so found. I would grant the petition for rehearing and dissent from the Court's decision to deny en banc review of this appeal.
 
 
 
 [1]
 "[O]ur holding is case specific, responding to unique factual circumstances.... We do not insist that under Louisiana law a manufacturer can 'expect' only uses of a product that are common."